UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Western Division

| | |
|---|---|
| JANICE BUKATY, ) | |
| Route 4, Box 721, ) | |
| Butler, Missouri 64730 ) | |
| ) | |
| and ) | |
| ) | |
| JOYCE MYERS, ) | |
| Route 4, Box 718 ) | |
| Butler, Missouri 64730 ) | |
| ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| ) | Case No.:_____ |
| v. ) | |
| ) | Div No.:_____ |
| PORK PLUS, L.L.C. ) | |
|     Serve Registered Agent: ) | |
|     Douglas J. Heiman ) | |
|     Route 5, P.O. Box 230 ) | |
|     Butler, MO 64730 ) | |
| ) | |
| and ) | |
| ) | |
| HEIMAN AGRI-SERVICES INC. ) | |
|     Serve Registered Agent: ) | |
|     Charles B. Heiman ) | |
|     717 West Pine ) | |
|     Butler, MO 64730 ) | |
| ) | |
| and ) | |
| ) | |
| HEIMAN FARMS L.L.C. ) | |
|     Serve Registered Agent: ) | |
|     S. Scott Heiman ) | |
|     717 W. Pine ) | |
|     Butler, MO 64730 ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| ) | |

1

| | |
|---|---|
| PURINA MILLS L.L.C. | ) |
|     Serve Registered Agent: | ) |
|     C T Corporation System | ) |
|     120 South Central Avenue | ) |
|     Clayton, MO 63105 | ) |
| | ) |
| and | ) |
| | ) |
| JANE DOE COMPANIES | ) |
| | ) |
|     DEFENDANTS. | ) |

## COMPLAINT

COME NOW Plaintiffs, by and through their undersigned attorneys, and for their Complaint against Defendants, state as follows:

## NATURE OF THE CASE

1. This is an action by Janice Bukaty and Joyce Myers (collectively "Plaintiffs") against Pork Plus L.L.C. ("Pork Plus"), Heiman Agri-Services Inc. ("Heiman Agri-Services"), Heiman Farms L.L.C. ("Heiman Farms"), Purina Mills Inc. ("Purina") and Jane Doe Companies.

2. Pork Plus, with the aid, abidance and assistance of Heiman Farms, Heiman Agri-Services, Purina and Jane Doe Companies, owns and operates swine factories in close proximity to Plaintiffs' homes and property. The noxious odors, contaminated runoff and large number of insects emanating from the swine factories have impaired Plaintiffs' ability to use and enjoy their property as well as causing substantial damage to their quality of life.

3. The swine factories owned and operated by defendants are located in Bates County Missouri and collectively house approximately 288 sows and their litters, as well as approximately 5,627 "finishing" pigs at a given time for a total of 3,454 animal units and approximately 12,835 total animals. The swine factories owned and/or operated by Pork Plus, Heiman Agri-Services, Heiman Farms and Jane Doe Companies produce substantial and

2

continual foul and noxious odors. The sources of such odors include: the hog confinement buildings; the open anaerobic lagoons into which pig manure, urine, and afterbirth remnants is flushed, the flushing systems; the leakage, spillage, discharge and releases of swine waste; the spreading of hog waste; the accumulation of dead animal carcasses and afterbirth without proper and timely disposal.

4. The defendants' waste disposal includes holding the manure, urine, afterbirth remnants and other waste in two anaerobic lagoons serving three sets of buildings, including nine barns. Waste is collected in pits beneath slated flooring and drained via pull plug to the anaerobic lagoons which are for the most part uncovered. Further means of spreading the waste throughout the property include various means, including a manure cannon which shoots the swine waste into the air up to 150 feet out, thus increasing the intensity of the odor and the chances of swine waste flying, drifting and traveling onto Plaintiffs' property. The defendants' method of disposal of dead hogs has included placing carcasses in bins without being sealed, stacking carcasses on top of one another in bins without being sealed, throwing numerous hog carcasses into a pit covered with straw and also, on occasion, the hogs are left to rot on the grounds of the facilities, eventually to be picked up by pitch forks in pieces because they are so decomposed. The defendants' waste management practices cause and contribute to the offensive and invasive odors that have disrupted and substantially interfered with the Plaintiffs' use and quiet enjoyment of their life, home and property.

5. The waste and stench associated with large swine factories like the this one of the defendants' is known to cause, and have caused, nausea, headaches, respiratory ailments, sleep disturbance and burned eyes, noses and throats as well as other physical and anxiety-related complaints. In addition, the contaminated runoff from the defendants' swine factories has

3

despoiled the local streams and water sources, and property of neighbors. Furthermore, the defendants' swine factories have attracted and/or served as a breeding ground for insects, including maggots and flies, which have traveled onto Plaintiffs' property.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332, based on the diversity of citizenship between the parties to this action. Plaintiffs are citizens of the State of Missouri and defendant Purina Mills LLC is a foreign corporation organized and conducting business under the laws of the State of Delaware.

7. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

8. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §§ 1391(b) and 1395, because one or more of the defendants are incorporated or formed in or conduct business in this District, and because the violations occurred, continue to occur presently, and will continue to occur in the future, in this District.

## PARTIES

9. Plaintiff Janice Bukaty is an individual residing in Bates County, Missouri. The Bukaty residence is located at Route 4, Box 721, Butler, Missouri 64730 in close proximity to defendants' swine factories.

10. Plaintiff Joyce Myers is an individual residing in Bates County, Missouri, residing at Route 4, Box 718, Butler, Missouri 64730, also in close proximity to defendants' swine factories.

11. Defendant Pork Plus is a Missouri Corporation with their principal place of business located at Latitude: 38.232777 Longitude: -94.459722 Bates County, Missouri.

12. Defendant Heiman Farms is a Missouri Corporation with their principal place of business located at 717 West Pine, Butler, Missouri 64730.

13. Defendant Heiman Agri-Services is a Missouri Corporation with their principal place of business located at 717 Wes Pine, Butler, Missouri 64730.

14. Defendant Purina is a Delaware corporation.

15. Defendant Jane Doe Corporation(s) is one of more corporations where the principal place of business is unknown at this time.

## GENERAL ALLEGATIONS

16. Plaintiffs own, lease, or otherwise are in rightful possession of their above described property.

17. In or about 1995, Pork Plus began operating the large scale hog farm, the location of which is described above, in Bates County Missouri.

18. In or about 1995, Purina began contributing to the operation by covering the costs of feed and operations for the Pork Plus hog farm. Upon information and belief, Purina had, and has now, an exclusive grower relationship with Pork Plus.

19. In or about 1995, Heiman Farms supplied and/or leased the land for the construction of the Pork Plus hog farm.

20. In or about 1995, Heiman Agri-Services began supplying materials to the hog farm.

21. In or about 1995, Jane Doe companies contributed to and or supplied the operation with various resources.

22. The defendants' swine factory in Bates County houses roughly approximately 288 sows and their litters, as well as approximately 5,627 "finishing" pigs at a given time for a total

5

of 3,454 animal units and approximately 12,835 total animals, and continuously gives off foul odors.

23. The hog farm in Bates County utilizes two anaerobic hog waste lagoons. The sewage in the lagoons contains levels of nitrate, hydrogen sulfide, ammonia, sulfate and other hazardous substances that are a threat to human health and the environment. The lagoons give off foul odors and were constructed in such a way so at to allow the sewage to seep and/or spill into the groundwater flowing through and onto neighboring properties, including the property of the Plaintiffs.

24. In addition, the defendants' lagoons are insufficient to handle and store wastes generated by these facilities without regular spreading of these wastes. Further, the defendants did not acquire sufficient land at the time it began these operations, and still do not own or have the right to use sufficient land, to allow for proper spreading of these wastes. Moreover, the defendants have spread the sewage and waste from its lagoons with manure cannons, which spews the waste into the air. This practice further contributes to the foul odor and contaminated runoff emanating from the operation.

25. The swine waste holding reservoirs and waste disposal systems designed and implemented by Pork Plus were knowingly designed and constructed so that the hog waste odors due to decomposition would not be reduced, but would actually be exacerbated.

26. To receive a Missouri State Operating Permit from the Water Pollution Control Program defendants had to comply with the no discharge requirement, meaning that the waste water and bio-solids are not allowed to discharge except during storms exceeding the design storm event. No discharge means that the entire system from wastewater storage through final

land application has been designed to operate without during discharges to the waters of the state.

27. On numerous occasions since Pork Plus began its operation, it has experienced seepage, spills, leaks, releases and other discharges of waste from its facilities.

28. On numerous occasions, defendants have discharged, and continue to discharge, by way of a manure cannon or traveling gun, wastewater and bio-solids/manure waste from its operations onto the personal property, real property and/or houses of Plaintiffs. On hundreds of occasions the "mist" of manure/waste water has come onto Plaintiffs' property, hit their houses and completely "soaked" animals staying on the property. On several occasions, semi solid/solid manure and waste has come onto Plaintiffs' property, hit their houses and covered their windows. On many occasions Plaintiffs' vehicles have been hit by waste water and bio-solids/manure while they and their families are driving down 1002 road, the road directly between them and the hog farm.

29. On a merely nightly basis, Plaintiffs are awakened/disturbed by the high pitched screams shrieks and shrills of thousands of pigs in the early hours of the morning.

30. As a result of the manner in which the defendants operate their facilities, they have been the subject of numerous non-compliance citations for failing to be within the parameters of the facility's National Pollutant Discharge Elimination System permit, issued from the Missouri Department of Natural Resources.

31. The above mentioned nuisances have caused a loss of value in Plaintiffs' property, and other damages as more fully set out below.

## COUNT I
## TEMPORARY NUISANCE
### (Against All Defendants)

32. Plaintiffs incorporate by reference paragraphs 1 - 31 as if fully set forth herein.

33. Plaintiffs have possessory rights to their property.

34. Defendants own and control the above-described swine factory in close proximity to Plaintiffs' property.

35. Foul smelling odors, hazardous substances and/or contaminated waste/wastewater have escaped and continue to escape from defendants' premises onto Plaintiffs' property and, thus, have substantially impaired and continue to impair Plaintiffs' use and quiet enjoyment of their property; Plaintiffs have thereby been damaged.

36. Plaintiffs' enjoyment of and/or ability to engage in outdoor activities and otherwise enjoy their property as it was intended and they desired has been substantially impaired by the odor emanating from defendants' operations.

37. Furthermore, discharges of waste and wastewater from defendants' operations, as referenced above, and continuing discharges constitute nuisances and have substantially impaired Plaintiffs' use and enjoyment of their property. Plaintiffs' properties are abutting creeks and rivers and/or streams or waterways, which are part of the use and enjoyment of their properties. Discharges by defendants into these steams and waterways have resulted in pollution of the water and damage to the wildlife, and have interfered with and continue to affect Plaintiffs' enjoyment and/or ability to fish, have their children and grandchildren fish, to use the water, or simply to spend time near the water enjoying nature.

38. Defendants have also interfered with and impaired Plaintiffs' use and enjoyment of their property by attracting and accumulating large population of maggots, flies and other

8

insects which are drawn to defendants' swine waste holding reservoirs and the substantial waste and manure that defendants generate. Such insects often travel off of defendants' property onto Plaintiffs' property.

39. The actions taken by defendants and the use of their property have been and continue to be unreasonable.

40. There is, and has been, technology available to substantially reduce and/or eliminate foul and noxious-smelling odors, discharges of wastewater, and other nuisances emanating from defendants' hog facilities, but defendants have failed to use this technology and/or have delayed the use of this technology in order to save money.

41. Defendants' conduct described above constitutes a temporary, continuing and intentional nuisance and defendants have intentional and willfully failed and refused to remedy the situation within a reasonable period of time. In addition, defendants' conduct described above was outrageous because of their conscious disregard to the rights, health, and safety of Plaintiffs, thereby justifying an award of punitive damages against defendants.

42. Pork Plus continues to maintain a temporary nuisance in close proximity to Plaintiffs' properties and has failed to abate the nuisance.

WHEREFORE, Plaintiffs pray for judgment against defendants awarding them actual damages in a fair and reasonable sum in an amount to be determined at trial sufficient to compensate Plaintiffs for the interference of their right to the use and quiet enjoyment of their property; for punitive damages to be determined at trail sufficient to punish defendants for the above-described conduct and to deter others from like conduct; that the costs of this action be assessed against defendants, and for such other and further relief as the Court may deem just and appropriate.

## COUNT II
## NEGLIGENCE
### (Against All Defendants)

43. Plaintiffs incorporate by reference paragraphs 1 - 42 as if fully set forth herein.

44. Defendants had a duty to Plaintiffs to not produce harmful and ill-smelling odors, hazardous substances and contaminated wastewater that escaped and continues to escape from defendants' swine factory onto the Plaintiffs' property, and to maintain, minimize or otherwise control the negative impact of their business operations upon individuals including, specifically, the Plaintiffs.

45. Defendants breached their duty to Plaintiffs by producing harmful and ill-smelling odors, hazardous substances and contaminated wastewater that escaped and continues to escape from defendants' swine factory onto the Plaintiffs' property and by failing to maintain, minimize or otherwise control the negative impact of their business operations upon individuals, specifically the Plaintiffs.

46. As a direct and proximate cause of defendants' negligence, Plaintiffs have suffered and will continue to suffer substantial injuries and damages for which Plaintiffs are entitled to recovery.

WHEREFORE, Plaintiffs pray for judgment against defendants, jointly and severally, awarding Plaintiffs actual damages in a fair and reasonable sum in an amount to be determined at trial sufficient to compensate Plaintiffs for the interference of their right to the use and quiet enjoyment of their respective properties; for punitive damages to be determined at trial in an amount set by law or the trier of fact sufficient to punish defendants, jointly and severally, for the above-described conduct and to deter others from the like conduct; that the costs of this action be

assessed against defendants, and for such other and further relief as the Court may deem just and appropriate.

## COUNT III
## PUNITIVE DAMAGES
**(Against All Defendants)**

47. Plaintiffs incorporate by reference paragraphs 1 - 42 as if fully set forth herein.

48. Defendants' conduct was intentional, willful, and wanton; it demonstrates reckless disregard for Plaintiffs' health and safety such that Plaintiffs are entitled to punitive damages in an appropriate amount that is fair and reasonable and will punish defendants and deter others from similar conduct.

WHEREFORE Plaintiffs pray for an amount of damages against the defendants in an amount to be determined by the Court, together with interest and costs of suit, and for such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

49. Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

HUMPHREY, FARRINGTON & MCCLAIN, P.C.

/s/ Andrew K. Smith
Andrew K. Smith        MO# 60485
221 W. Lexington Avenue
Independence, Missouri 64051
816-836-5050
816-836-8966 (FAX)
aks@hfmlegal.com
**ATTORNEY FOR PLAINTIFFS**